IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARNET STREBA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-208 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| MARGARET BRENNAN, U.S. POSTMASTER GENERAL, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 8) will be granted.

Defendant argues that Plaintiff's lawsuit, alleging a violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, should be dismissed as untimely. The dispute in this case is whether the 90-day statute of limitations for filing a lawsuit in this Court began to run from the date Plaintiff's counsel received the first "Notice of Final Action," *i.e.*, on October 29, 2016; or whether it began when Plaintiff received a re-mailed notice, *i.e.*, on November 25, 2016. The first notice was mailed to Plaintiff and her attorney on or about October 26, 2016. *See* Doc. 9-4.[1] Plaintiff does not dispute that her attorney received that notice on Saturday, October 29, 2016. *See* Doc 9-5. The notice specifically provided that, "if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate

---

[1] Plaintiff has not questioned the authenticity or accuracy of the documents attached to Defendant's Motion; nor has her counsel objected to the Court's consideration of the materials in connection with the Motion. *See* Pl.'s Opp'n Br. (Doc. 13) (addressing Defendant's arguments on the merits). Under the circumstances, a conversion to summary judgment is unnecessary. *See* Spencer v. Comcast Corp., 2017 WL 660854, *3 (E.D. Pa. Feb. 17, 2017) (a court may consider "undisputedly authentic document[s]" regarding the administrative-process, in connection with a failure-to-exhaust determination) (collecting cases).

U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision." Doc. 9-4. The notice also was mailed to Plaintiff at the address listed on her formal EEO Complaint, but was returned to sender as undeliverable. *See* Doc. 9-6 at pg. 2 of 4. A second notice was mailed to Plaintiff at a different (presumably updated) address, which she received on November 25, 2016. *See* Doc. 9-7. Plaintiff filed her Complaint on February 14, 2017. Doc. 1.

Plaintiff asserts – without authority − that, because two notices were issued to her, the statute of limitations began to run from the date she received the second notice. Defendant, conversely, argues that the 90-day period began to run from the date that Plaintiff's counsel received notice.

In this Circuit, the 90-day statute of limitations starts "when either the claimant or [her] attorney receives a right-to-sue letter, whichever is earlier." Carter v. Potter, 258 F. App'x 475, 478 (3d Cir. Dec. 18, 2007) (citing and quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 n.1 (3d Cir. 1999)). The issue of the two-notices is a red herring. The date the 90-day clock began to run was October 29, 2016, when Plaintiff's counsel received notice. To be timely, Plaintiff was required to file her Complaint by January 27, 2017. She did not do so, and, consequently, her lawsuit is time-barred. Accordingly, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**. Because the deficiency cannot be cured by amendment, the dismissal is **WITH PREJUDICE**.

IT IS SO ORDERED.

February 6, 2018    s\Cathy Bissoon
                                                                Cathy Bissoon
                                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record